

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In re:* <br><br> JOSEPH P. GLYNN, <br>     Debtor | Ch. 13 <br><br> 19-13273-JEB |

### Order

**MATTER:**

#25 Motion filed by Creditor U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust as serviced by SN Servicing Corp. for In Rem Relief or, in the Alternative, Relief From Stay Re: 181 Mountain Laurel Lane, Abington, MA

This matter came before me on the motion of U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust as serviced by SN Servicing Corp. ("U.S. Bank Trust") for relief from the automatic stay and the codebtor stay (the "Motion") with respect to property located at 181 Mountain Laurel Lane, Abington, Plymouth County, Massachusetts (the "Property").

1. In the Motion, U.S. Bank Trust seeks in rem relief from the automatic stay under 11 U.S.C. §362(d)(4), and in the alternative, relief from the automatic stay under 11 U.S.C. §362(d)(1) and the codebtor stay under 11 U.S.C. §1301(c), so that it may exercise its rights as a first mortgagee on the Property.

2. The record owners of the Property are Joseph P. Glynn (the "Debtor") and Susan Glynn, the non-filing codebtor (the "Codebtor").

3. The Debtor and Codebtor have defaulted on the terms of the Mortgage encumbering the Property by failing to make regular monthly payments.

4. Due and adequate notice of the Motion was given to the Debtor and Codebtor. No objections were filed.

5. Good cause exists to grant U.S. Bank Trust relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1)-(2) as against the Debtor.

6. Good cause exists to grant U.S. Bank Trust relief from the codebtor stay pursuant to 11 U.S.C. § 1301(c) as against the Codebtor.

7. Good cause exists to grant U.S. Bank Trust in rem relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4).

Consequently, it is ORDERED that U.S. Bank Trust, its successors and assigns are granted relief from the automatic stay of 11 U.S.C. §362(a) and the codebtor stay of 11 U.S.C. §1301(a) so that it may enforce its rights under the Note, Mortgage and applicable law including, but not limited to, foreclosure of its Mortgage on the Property and pursuing summary process proceedings, if necessary. This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code. U.S. Bank Trust is released from the obligations of Fed. R. Bankr. P. 3002.1 in this case.

It is further ORDERED that U.S. Bank Trust, its successors and assigns are granted in rem relief from the automatic stay of 11 U.S.C. §362(d)(4) with respect to the Property. If recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect the Property filed not later than two (2) years after the date of the entry of this Order. Any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

By the Court,

*Janet E. Bostwick*

Janet E. Bostwick
United States Bankruptcy Judge

Dated: 12/18/2019